The document below is hereby signed.

Signed: August 14, 2016



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TERRI D. PARKER, | ) | Case No. 15-00488 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING MOTION FOR
RECONSIDERATION OF ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

On August 5, 2016, the debtor filed a motion for reconsideration of the court's order that was entered on July 13, 2016, granting relief from the automatic stay of § 362(a) of the Bankruptcy Code (11 U.S.C.) to permit Nationstar Mortgage LLC to enforce its lien against the debtor's real property located at 11302 Lake Arbor Way, Bowie, MD 20721. The debtor failed to oppose the motion for relief from the automatic stay. Nor did the trustee, who represents the interests of the estate, oppose the motion for relief from the automatic stay.

I

The debtor's motion for reconsideration was filed beyond the 14-day deadline for filing a motion under Rule 9023 of the Federal Rules of Bankruptcy Procedure. Accordingly, it must be

treated as a motion under Rule 60 of the Federal Rules of Civil Procedure, made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure.  However, even if the motion for relief from the automatic stay were being heard anew, the debtor has not shown that the lifting of the automatic stay ought to be denied.

II

The debtor's motion recites that she has made payments curing the arrears owed to Nationstar.  The payments fail to include the amount of attorney's fees that Nationstar's motion recited were owed as part of the arrears, and, even disregarding the attorney's fees, the payments appear to fall $.60 short of the rest of the arrears recited in Nationstar's motion.  However, even if the debtor could establish that a full cure of arrears *has* taken place, that would not provide a basis for denying relief from the automatic stay (although it would provide a defense, under nonbankruptcy law, to any foreclosure proceeding going forth).

First, the debtor's schedules (part of Dkt. No. 1) show that the property is worth less than $300,000, and that it is subject to a lien securing an undisputed debt in excess of $367,000.  Accordingly, there is no equity in the property.  Because the case is a chapter 7 case, a non-reorganization chapter, the property is not necessary for an effective reorganization.  It follows that relief from the automatic stay was mandatory under

11 U.S.C. § 362(d)(2) because there is no equity in the property and it is not necessary for an effective reorganization.

Second, a case under chapter 7 of the Bankruptcy Code does not permit a debtor to alter the nonbankruptcy law rights of a creditor holding a consensual lien against real property (except, generally, allowing the debtor to obtain a discharge of the unsecured portion of the debt owed the creditor).  It is a familiar doctrine that, generally, liens pass through a chapter 7 bankruptcy case unaffected, and there is no apparent exception to that general doctrine in this case.  The automatic stay itself only maintains the status quo unless and until a creditor files a motion showing that there is no bankruptcy reason to keep the automatic stay in place (or the automatic stay terminates pursuant to 11 U.S.C. § 362(c)).  Here, there is no apparent bankruptcy reason to keep the automatic stay in place.

As to the *debtor's* interests, the Bankruptcy Code affords no apparent basis for this chapter 7 debtor to secure an alteration of the rights of this creditor holding a mortgage on real property.

As to the *estate's* interests:

- the chapter 7 trustee (the representative of the estate) has not seen fit to oppose the lifting of the automatic stay in order to administer the real property as part of the estate; and

3

- the debtor has not argued that the real property is property that the trustee ought to administer for the benefit of unsecured creditors, and has not alleged any reason why she would have standing to object to the lifting of the automatic stay based on the interests of unsecured creditors.

III

It is thus

ORDERED that the debtor's motion for reconsideration (Dkt. No. 46) is DENIED.

[Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; Office of United States Trustee.